**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MINA ARNEST AZIZ AKHNOUKH,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN OF DELANEY HALL DETENTION CENTER,**<br><br>**Respondent.** | **Civil Action No. 26-13569 (SDW)**<br><br>**OPINION** |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Mina Arnest Aziz Akhnoukh, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey. (ECF No. 1).

2. Petitioner is a national of Egypt. (*Id.* ¶ 11). He entered the United States in August 2023. (ECF No. 5-1 at 1).

3. Border Patrol encountered Petitioner on August 1, 2023. (*Id.*) On August 4, 2023, Petitioner was issued a Notice to Appear and was released. (*Id.*; ECF No. 5-2 at 1).

4. Petitioner was detained by ICE on October 17, 2026. (ECF No. 5-1 at 1). According to the Form I-213, ICE considered Petitioner to be "a flight risk due [to] his failure to register pursuant to the Alien Registration Act (ARA)" and noted that he allegedly "violated the conditions of his release as he failed to report to any ICE/ERO Field Office upon his release … ." (*Id.* at 2).

5. ICE made an initial custody determination pursuant to 8 U.S.C. § 1226(a) concluding that Petitioner was to be detained. (ECF No. 5-4 at 1).

6. The box requesting review by an immigration judge was checked, and the form was stamped "Refused to Sign" on the signature line. (*Id.*)

7. A separate document indicates that "ICE has determined that [Petitioner is] subject to mandatory detention under" § 1226(c). (*Id.* at 3).

8. This Petition followed on October 19, 2026. (ECF No. 1).

9. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11. Petitioner asserts that he was never provided with a warrant for his arrest. (ECF No. 1 ¶¶ 29-34).

12. A Notice to Appear initiating removal proceedings was issued on August 4, 2023. (ECF No. 5-2 at 1). A warrant for Petitioner's arrest was issued on October 17, 2026 based on the Notice to Appear. (ECF No. 5-3 at 1).

13. "Following the signing of the warrant for arrest, Petitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26-cv-9857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see also Par v. Jamison*, No. 26-cv-3504, 2026 WL 1603299 at * 3-4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26-cv-1235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)"). Petitioner may be detained while removal proceedings are ongoing, subject to the requirement of § 1226(a).[1]

14. Petitioner further argues that Respondent failed to make the required initial custody determination within 48 hours. (ECF No. 1 ¶¶ 36-37).

15. ICE made its initial determination at 2:03 a.m. on October 18, 2026, less than a day after Petitioner's arrest. (ECF No. 5-4 at 1).

16. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ...." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 permits detainees to request review of ICE's initial custody determination from an immigration judge. [2]

---

[1] The Form I-213 indicates that ICE considered Petitioner to be a flight risk. (ECF No. 5-1 at 2). Immigration officers are permitted to make warrantless arrests if they believe a noncitizen "is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest … ." 8 U.S.C. § 1357(a)(2). However, this Court need not determine whether the officers otherwise complied with § 1357's requirements for warrantless arrests because a warrant was issued.

[2] Another form indicates that "ICE has determined that [Petitioner is] subject to mandatory detention under" § 1226(c), but Respondent does not argue that § 1226(c) applies. (*See generally*

17. The box requesting review by an immigration judge was checked on the custody determination form, and the form was stamped "Refused to Sign" on the signature line. (ECF No. 5-4 at 1).

18. It is not clear to this Court whether a bond hearing has been scheduled.[3] Petitioner's reply suggests that a bond hearing was scheduled, (ECF No. 6 at 4), but Respondent did not mention a hearing in the answer.

19. This Court concludes that Petitioner is not entitled to release on the arguments raised in the Petition. However, this Court will order a bond hearing to be scheduled in an abundance of caution.

20. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: November 13, 2026

---

ECF No. 5; ECF No. 5-4 at 3). This Court sees no justification for § 1226(c), so Respondents will be ordered to correct Petitioner's records as necessary.

[3] This Court has noticed a trend of initial custody determinations where the immigration judge review box has been checked, the detainee "refused to sign" the form, and no hearing was scheduled. *See, e.g., Guevara Pepe v. Mullin*, No. 26-cv-13721 (D.N.J. Nov. 4, 2026); *Pullutasi Pimbomaza v. Soto*, No. 26-cv-13294 (D.N.J. Oct. 29, 2026); *Raxtun Serech v. Blanche*, No. 26-cv-12964 (D.N.J. Oct. 29, 2026). If a detainee has asked for an immigration judge's review of ICE's initial custody determination, this Court expects that request to be honored—as required by § 1226—without the detainee having to file a habeas corpus petition first.